**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Jose Teran,<br><br>　　　　　Defendant. | No. CR-21-00955-002-PHX-DLR<br><br>**ORDER** |

Before the Court is a letter from the Defendant dated February 10, 2025. (Doc. 154.) In the letter the Defendant asks for the assistance of counsel and raises a question about potential exemptions to the restitution garnishment ordered in this matter. He then filed a request for hearing, asserting an exemption from garnishment. (Doc. 155.) For the following reasons, the Court denies both the request for counsel and the request for hearing.

**I.        Appointment of Counsel**

There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). Instead, the decision whether to appoint counsel in post-conviction proceedings rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). The Court sees no special circumstances in the record that may warrant the appointment of counsel.

## II.   Garnishment Hearing

A restitution order in the amount of $3,365,352.85 has been entered against Defendant. (Doc. 115.) Pursuant to 28 U.S.C. § 3205, the Clerk of the Court issued a Writ of Garnishment of Non-Earnings against Garnishee TimeCore, Inc., on January 17, 2025. (Doc. 142.) TimeCore answered the Writ stating that it owes the Defendant $81,547.02 in "[a]ccumulated royalties." (Doc. 153 at 2.) The issue Defendant raised about a potential exemption from garnishment does not apply to royalties. The exemption statute referenced in his letter, 15 U.S.C. § 1672, applies to "disposable earnings." "Earnings" are defined as "compensation paid or payable for personal services[.]" § 1672(a). Royalties are not personal services and therefore not subject to the § 1672 exemptions.

**IT IS ORDERED** that Defendant's request for the appointment of counsel (Doc. 154) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's request for a hearing for a determination that he is entitled to a 15 U.S.C. § 1672 exemption (Doc. 155) is **DENIED**.

Dated this 26th day of February, 2025.

_____
Douglas L. Rayes
Senior United States District Judge